[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15955
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cr-60166-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL MORALES COLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 2, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Morales Colon appeals his conviction and 240-month total sentence for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Colon argues that the district court erred in denying his motion to suppress statements he made to federal agents without receiving a Miranda[1] warning during an allegedly custodial interrogation. Colon also argues that his sentence is both procedurally and substantively unreasonable. Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

We review a district court's denial of a motion to suppress as a mixed question of law and fact. United States v. Ransfer, 749 F.3d 914, 921 (11th Cir. 2014). "Whether [a defendant] was 'in custody' and entitled to Miranda warnings is a mixed question of law and fact" as well. United States v. Moya, 74 F.3d 1117, 1119 (11th Cir. 1996). "[W]e review the district court's factual findings . . . for clear error and its legal conclusions de novo." Id.

Colon argues that the inculpatory statements he made to federal agents before they advised him of his constitutional rights as required by Miranda should

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

have been suppressed.  The Supreme Court in <u>Miranda</u> held that the Fifth Amendment requires "the exclusion of incriminating statements obtained during custodial interrogation unless the suspect fails to claim the Fifth Amendment privilege after being suitably warned of his right to remain silent and of the consequences of his failure to assert it."  <u>Minnesota v. Murphy</u>, 465 U.S. 420, 430, 104 S. Ct. 1136, 1143 (1984).  <u>Miranda</u> does not apply, however, "outside the context of the inherently coercive custodial interrogations for which it was designed."  <u>Id.</u>, 104 S. Ct. at 1144 (internal quotation marks omitted).  Colon was therefore entitled to a <u>Miranda</u> warning only if he was in custody at the time he made the statements at issue.

We have explained that "although a reasonable person in the defendant's position may feel constrained not to leave . . . —and thus may be deemed to have been 'seized' by law enforcement—he will not necessarily be considered in 'custody' for Fifth Amendment purposes."  <u>United States v. Luna-Encinas</u>, 603 F.3d 876, 881 (11th Cir. 2010).  Rather, <u>Miranda</u> warnings are required only where the totality of the circumstances shows that a reasonable person in the defendant's position "would have understood his freedom of action to have been curtailed <u>to a degree associated with formal arrest</u>."  <u>Id.</u> (internal quotation marks omitted). "The test is objective: the actual, subjective beliefs of the defendant and the

3

interviewing officer on whether the defendant was free to leave are irrelevant."

Moya, 74 F.3d at 1119.

Several factors guide the determination of whether an environment is coercive enough to be custodial. For instance, "courts are much less likely to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings, such as the [defendant]'s home." United States v. Brown, 441 F.3d 1330, 1348 (11th Cir. 2006) (alteration and internal quotation marks omitted). Whether a defendant was "[u]nambiguously advis[ed] . . . that he [wa]s free to leave and [wa]s not in custody" is another "powerful factor" that "generally will lead to the conclusion that the defendant [wa]s not in custody." Id. at 1347. Other relevant factors include "whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled," United States v. Street, 472 F.3d 1298, 1309 (11th Cir. 2006) (internal quotation marks omitted), as well as whether the defendant was physically restrained and the duration of the interview. See Luna-Encinas, 603 F.3d at 881; Brown, 441 F.3d at 1349.

Considering the totality of the circumstances, we conclude that Colon was not in custody when he made the inculpatory statements in question. Colon was interrogated in the familiar surroundings of his home. The district court found that the federal agents told Colon at the outset of questioning that he was not under

4

arrest and that he did not have to talk to them.  The district court also found that the agents spoke to Colon in a conversational manner and kept their weapons holstered and that Colon was not handcuffed or otherwise physically restrained during the interview.  Further, the district court found that, although Colon was handcuffed after the interview while being transported to the Federal Bureau of Investigation ("FBI") office for a polygraph test, he voluntarily agreed to go to the FBI office and to be handcuffed during transport.  Colon has not shown that these findings are clearly erroneous,[2] and they strongly support the district court's conclusion that a reasonable person in Colon's position would not have felt that his freedom was curtailed to a degree associated with formal arrest.  See Brown, 441 F.3d at 1347–49.

We therefore agree with the district court that Colon was questioned in a non-custodial setting and, consequently, no Miranda warnings were required.  Accordingly, the district court properly denied Colon's motion to suppress.

II.

---

[2] The district court's findings turn, in part, on the credibility of Colon and FBI Special Agent Alexis Carpinteri, the only witnesses at the suppression hearing.  The district court plainly rejected Colon's testimony that he was never told that he did not have to answer the agents' questions.  A district court's credibility determination is entitled to great deference.  See Brown, 441 F.3d at 1346–47.  Accordingly, we will not disturb the district court's credibility assessment in this case, particularly because Colon has not clearly challenged the credibility assessment but instead cites his own testimony as if the district court had believed him.

We ordinarily review the reasonableness of a sentence for abuse of discretion using a two-step process. See United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014). "First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory [G]uidelines range . . . or failing to adequately explain the chosen sentence." Id. "Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the [18 U.S.C.] § 3553(a) factors." Id. When a defendant fails to object to an alleged sentencing error before the district court, however, we review for plain error only. See United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009).

Colon first argues that his sentence is procedurally unreasonable because the district court erred in failing to apply a two-level reduction under U.S.S.G. § 2G2.2(b)(1) for conduct limited to receipt or solicitation of child pornography. Because he did not request this adjustment in the district court, our review is for plain error. See id. Colon's argument—that a defendant who used a peer-to-peer file-sharing program to obtain child pornography and knowingly placed pornography files in a "shared" folder accessible to the public, but who took no "active" steps to distribute the files, is entitled to the two-level decrease described in § 2G2.2(b)(1)—is squarely foreclosed by our recent decision in Cubero. 754 F.3d at 895–96 (holding that the district court did not err in failing apply

6

§ 2G2.2(b)(1) where the defendant "used a peer-to-peer file-sharing network to obtain hundreds of [child pornography] images, some of which he elected to make available to other users" by placing the images in a shared folder).[3]   Consequently, the district court did not err, much less plainly err, in not giving Colon the two-level reduction.

Colon next contends that his sentence is procedurally unreasonable because the district court did not adequately explain its sentence.[4]   Colon admits that a sentencing judge typically need not give a lengthy explanation for imposing a sentence within the Guidelines range.  He argues, however, that the district court in this case should be required to give more extensive reasons for rejecting his request for a downward variance because the U.S. Sentencing Commission recently released a report (the "2013 report")[5] concluding that the child pornography Guidelines warrant revision.  We rejected an identical argument in Cubero, 754

---

[3] The fact that the defendant in Cubero was adjudicated guilty of knowingly distributing child pornography, whereas Colon was adjudicated guilty of knowingly receiving child pornography, does not alter our conclusion.  At the sentencing hearing, the district court found that Colon distributed child pornography, and Colon has not challenged that determination on appeal.  See United States v. Levy, 416 F.3d 1273, 1275 (11th Cir. 2005) (explaining that issues not raised in an appellant's opening brief are deemed abandoned).

[4] Colon incorrectly characterizes this argument as a substantive reasonableness argument. The Supreme Court has indicated that whether the district court adequately explained the chosen sentence is a procedural reasonableness argument.  See Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

[5] See U.S. Sentencing Comm'n, Report to Congress: Federal Child Pornography Offenses (Dec. 2012).

F.3d at 901 (holding that "the 2013 report does not heighten the district court's statutory duty to state the reasons for imposing a particular sentence"). Additionally, the district court here gave a detailed explanation to support its sentencing decision. The court explained that it believed Colon committed perjury during trial when he denied telling the FBI that he downloaded the peer-to-peer file-sharing network on his computer and when he denied telling the FBI that he used the search term "PTHC"[6] to search for files on the network. The court then stated that a downward variance was not appropriate because "it would [not] promote respect for the law" to sentence Colon below the Guidelines range "when [he] lie[d] at a trial" and that a sentence in the middle of the Guidelines range would serve as a sufficient deterrent. We do not believe the law requires the district court to state its reasons more extensively.

Finally, Colon argues that his sentence is substantively unreasonable because it is greater than necessary to serve the sentencing purposes of 18 U.S.C. § 3553(a). Colon relies principally on the 2013 report's finding that, in some cases involving peer-to-peer file sharing, U.S.S.G. § 2G2.2 produces overly severe sentencing ranges that may not be based on empirical evidence. Once again, however, Colon's argument is foreclosed by Cubero, where we held that "[w]hile a district court may certainly consider the 2013 report in choosing the ultimate

---

[6] "PTHC" is an abbreviation for "pre-teen hard core" pornography.

sentence," the court is not compelled by the report to vary from the § 2G2.2-based range. 754 F.3d at 900. In other words, "the district court's use of § 2G2.2 as an advisory guideline does not[, without more,] render [the] sentence . . . substantively unreasonable." Id. Colon has not provided any reason, apart from the 2013 report's findings, that his within-Guidelines sentence is too severe. Therefore, he has not met his burden to show that his sentence is substantively unreasonable. Cf. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that "[w]e ordinarily expect a sentence within the Guidelines range to be reasonable, and the appellant has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors").

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**